**AFFIRM; and Opinion Filed August 4, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00802-CR
No. 05-16-00803-CR
No. 05-16-00804-CR

**CLAUDIA ARROYO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-16-32812-P, F16-32813-P, F16-32814-P**

## MEMORANDUM OPINION
Before Justices Francis, Brown, and Schenck
Opinion by Justice Brown

Claudia Arroyo pleaded guilty to three possession with intent to deliver a controlled substance offenses. The trial court deferred an adjudication of guilt and placed her on community supervision for a period of ten years. In a single issue, appellant contends the trial court erred in denying her pretrial motion to suppress evidence. For the following reasons, we affirm.

Juan Rojas, a deportation officer with the Department of Homeland Security and Immigration and Customs Enforcement, received a tip that an individual who had previously been deported was manufacturing and selling narcotics at a trailer home in Irving, Texas. Rojas went to the home to investigate. When he approached the front door, appellant opened it. Rojas asked her if she lived there, but she refused to talk to him and retreated inside. Before she did so,

Rojas smelled a strong odor of marijuana coming from the trailer. Rojas notified Irving police, who obtained a warrant to search the trailer. When police executed that warrant, they found methamphetamine, heroin, and cocaine inside. Appellant was subsequently charged with possession with intent to deliver each of the controlled substances. Appellant filed a motion to suppress the evidence police obtained in the search. After a hearing, the trial court denied the motion.

In her sole issue, appellant contends police lacked probable cause to search her premises. Appellant does not, however, complain police lacked probable cause to search her trailer, which was searched pursuant to a warrant. Rather, she asserts that Rojas's entry onto the curtilage of her home was itself a search and that search was without probable cause. She relies on *Florida v. Jardines*, 133 S. Ct. 1409 (2013) to support her contention.

In *Jardines,* police took a drug-sniffing dog to sniff around the front porch of the defendant's home. The dog gave a positive alert, indicating narcotics were inside. *Id*. at 1413. Police obtained a search warrant for the residence based on the dog's alert. When they executed the warrant, police found marijuana plants. The defendant was charged with drug trafficking. *Id*. at 1414.

The United States Supreme Court held the use of the drug-sniffing dog to investigate the contents of the defendant's home was a search within the meaning of the Fourth Amendment. *Id*. at 1411, 1418. In doing so, the Court first acknowledged that a police officer, like any private citizen, has an implied invitation to enter the curtilage of a home for the purpose of knocking on the front door and speaking to its occupants. *Id.* at 1416 (citing *Kentucky v. King*, 563 U.S. 452, 469 (2011)). But there is no implied invitation for police to enter the curtilage of a home for the purpose of searching it. *Id*. The Court concluded the officers' objective conduct in entering the curtilage of the defendant's home with dogs trained to smell narcotics revealed the

purpose of their entry was to conduct a search. *Id*. at 1417-18. Thus, the entry was a search within the meaning of the Fourth Amendment. *Id*. at 1418.

According to appellant, because Rojas entered the curtilage of her residence to investigate a crime, he had no implied invitation to enter. However, she does not dispute that the purpose of Rojas's entry was to knock on her front door and talk to her. Further, no dog or search based on dog sniff evidence was involved in this case. Regardless of his reasons for wanting to talk to appellant, Rojas, like any other citizen, had an implied invitation to enter for that purpose. *See King*, 563 U.S. at 469. We resolve the sole issue against appellant and affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

160802F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CLAUDIA ARROYO, Appellant

No. 05-16-00802-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-32812-P.
Opinion delivered by Justice Brown. Justices Francis and Schenck participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 4th day of August, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLAUDIA ARROYO, Appellant

No. 05-16-00803-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-32813-P.
Opinion delivered by Justice Brown. Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of August, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLAUDIA ARROYO, Appellant

No. 05-16-00804-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-32814-P.
Opinion delivered by Justice Brown. Justices Francis and Schenck participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 4th day of August, 2017.